**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| NAK HOLDINGS, LLC. | ) | Case No:  19-04267-swd |
| | ) | |
| Debtor. | ) | Chapter 11 – Filed 10/08/19 |
| | ) | |
| | ) | Honorable Scott W. Dales |
| _____ | ) | |

**MOTION OF THE CHAPTER 11 TRUSTEE TO (I) SELL VEHICLE COLLECTION
AND MISCELLANOUS PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS AND OUTSIDE THE ORDINARY COURSE OF
BUSINESS PURSUANT TO 11 U.S.C. § 363; (II) APPROVE TERMS AND
CONDITIONS OF AGREEMENT WITH RM SOTHEBY'S; AND (III) GRANT
RELATED RELIEF**

Kelly M. Hagan, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto, authorizing the Chapter 11 Trustee to (i) sell all or a portion of miscellaneous personal property of the Debtor in conjunction with the sale of five (5) vehicles held by the Debtor which consist of rare, antique and valuable vehicles collection along with miscellaneous personal property (the "**Collection**"), and that such sales be free and clear of all liens, claims, interests and encumbrances; (ii) approve the terms and conditions of the Agreement (as defined below) with RM Auctions, Inc., d/b/a RM Sotheby's ("**RM Sotheby's**"); and (iii) grant related relief (the "**Motion**").  In support thereof, the Chapter 11 Trustee states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 5005.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      This Motion arises under 11 U.S.C. §§ 105, 363, 364, 503 and 507 and Federal Rules of Bankruptcy Procedure 6004.  This Motion is filed under Fed. R. Bankr. P. 9014.

3.      In conjunction with this Motion, the Chapter 11 Trustee is filing an application to employ RM Sotheby's, a renowned and respected auction house, to market and sell the Collection and render certain advisory services pursuant to the terms of the Single Vendor Auction Agreement in a form substantially in accordance to that which is attached hereto as Exhibit A, including any amendments or other modifications approved by this Court, if any (the "**Agreement**").    RM Sotheby's will market, promote and conduct a public auction of a portion of the Collection as well as facilitate potential private sales of various items of the collection to maximize the Collection's value for the benefit of the estate and its constituencies.

## BACKGROUND

4.      NAK Holdings, LLC (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

5.      Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 46]* dated October 28, 2019 and the *Acceptance of Appointment [Docket No. 47]* filed October 29, 2019, Kelly M. Hagan, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

6.      Prior to the Petition Date, the Debtor is alleged to have perpetuated a fraud on his creditors through a check kiting scheme (the "**Scheme**").    Although the Chapter 11 Trustee understands that the Debtor is currently the subject of a federal investigation, as of this date he has not been indicted or convicted of any crime related to the alleged Scheme.

7.      It is necessary that the Chapter 11 Trustee monetize the estate's assets as promptly and as efficiently as possible in order to maximize their value for the benefit of the bankruptcy estate and all constituencies and reduce the expense associated with the administration of these remaining assets.

8.      The Collection is among the most valuable assets owned by the Debtor's estate and, recognizing its exceptional nature and high value, it is imperative that the Collection be preserved and sold in a manner that will best maximize its value.  In addition, the Debtor's estate is incurring substantial costs in maintaining, storing, insuring and further preserving the Collection.

**RELIEF REQUESTED**

9.      The Collection consists of five (5) rare, antique and valuable vehicles and certain other assets.

10.      The Collection contains the following vehicles:  2016 McLaren 650S Spider, 1927 Pursang Bugatti Type 35 Custom, 1955 Jaguar D-Type, 1963 Jaguar, E Type Lightweight and a 1957 Jaguar XKSS.  The Collection is being sold along with motor vehicles owned by the Bankruptcy Estate of Najeeb Khan.

I.      **Sale of the Collection Free and Clear of Liens, Claims, Interests and Encumbrances Is in the Best Interest of the Estate and All Constituencies**

11.      As part of the liquidation of assets of the estate, and in an effort to maximize the value of such assets for the benefit of the estate and all constituencies, the Chapter 11 Trustee has solicited offers for the purchase of some or all of the Collection from individuals, investors and institutions.  While a number of individuals, groups and institutions have expressed interest in certain parts of the Collection, the Chapter 11 Trustee has not received an offer, or offers, that he deems to be adequate.  The Chapter 11 Trustee requires RM Sotheby's advice and expertise as to maximizing value of the Collection, and believes that hiring RM Sotheby's as sales agent and auctioneer will maximize value.

12.      The Chapter 11 Trustee seeks authorization and approval to sell items within the Collection (the "**Property**") and that such sales be free and clear of any and all liens, claims, interests and encumbrances.  Pursuant to the Agreement, RM Sotheby's will offer the pieces of

the Collection (the "**Auction Items**") for sale in one or more public auctions currently expected to be held on May 1-2, 2020.  RM Sotheby's may, at its discretion, group Auction Items into an auction unit ("**Auction Lot**") for sale at the auction in an effort to maximize value for such Auction Items.  Auction Items will be sold by RM Sotheby's pursuant to that certain Single Vendor Auction Agreement in a form and substance substantially similar to that which is attached hereto as Exhibit A.  It is presently anticipated that the Auction Items will not be subject to a reserve.

13.     The Chapter 11 Trustee believes that RM Sotheby's is experienced and well qualified to assist the Chapter 11 Trustee in marketing, promoting and conducting an auction of the Collection, as well as providing other guidance and advice to augment the value of the Collection to the bankruptcy estate.  The terms of the Agreement were negotiated by Chapter 11 Trustee and RM Sotheby's at arm's-length and in good faith.

14.     RM Sotheby's is very familiar with the Collection.  Prior to the commencement of the chapter 11 case, RM Sotheby's and the Debtor were parties to a Single Vendor Auction Agreement dated August 12, 2019 and related letter agreement dated August 9, 2019 (collectively, the "**Pre-Petition Agreement**") regarding the marketing and sale of the Collection. The Pre-Petition Agreement is also acknowledged and agreed to by KeyBank.  Additionally, certain of the vehicles that comprise the Collection were acquired by the Debtor via sales arranged by RM Sotheby's.

15.     RM Sotheby's is expected to market the Auction Items by preparing a catalogue as well as advertising and editorial in various digital and print media for the collector car audience to attract prospective U.S.  and foreign buyers.  RM Sotheby's also will showcase the Auction Items on its website, provide advance notification to VIP clients, cross-market to clients in other collecting fields and other parties with identified interests in similar items and artists.  The sale of

an iconic collection such as Collection requires significant advance preparation and time to fully and adequately promote and market such sale to maximize value.

16.     RM Sotheby's will not charge the Chapter 11 Trustee any fees or selling commissions for items it sells at auction (an "**Auction Sale**").  Instead, RM Sotheby's will charge the prevailing bidder of an Auction Lot (each, a "**Buyer**") a premium (the "**Buyer's Premium**") based on the hammer price for each Auction Lot sold and retain such amount for its account.  The Chapter 11 Trustee shall have no liability to RM Sotheby's for any Buyer's Premium, which is the sole source of compensation to RM Sotheby's under the Single Vendor Auction Agreement with the Chapter 11 Trustee.   In addition, RM Sotheby's will use commercially reasonable efforts to secure irrevocable bids for the Collection as set forth in paragraph 6.2 of the Agreement.

17.     In the event that any item or lot is offered at auction but not sold, RM Sotheby's may attempt to sell such item or lot privately for a period of 60 days at prices mutually agreed by the Chapter 11 Trustee and RM Sotheby's (a "**Post-Auction Private Sale**").  The Chapter 11 Trustee's obligations under the Agreement will be the same as if such items had been sold at auction, and no commission will be due RM Sotheby's.  Thus, items in a Post-Auction Private Sale conducted by RM Sotheby's will consist of items offered for sale in one or more auctions conducted by RM Sotheby's and are subject to this Motion and the relief requested herein.

18.     The Chapter 11 Trustee believes that the value obtained as the result of a competitive bidding process conducted by RM Sotheby's pursuant to the Single Vendor Auction Agreement will represent its best and fair value for those items.

19.     The Chapter 11 Trustee seeks authority to transfer the entire right, title and interest in the Auction Items to the Buyer of each respective Auction Lot in accordance with the Agreement free and clear of all liens, claims, encumbrances and interests under 11 U.S.C. § 363(f).  The

Chapter 11 Trustee does not believe that there are currently any liens or other security interests attached to the Collection, other than asserted blanket security interests granted within the 90-days prior to the Petition Date to KeyBank, National Association ("KeyBank"). The Debtor scheduled such Asserted Secured Claims as disputed, and commenced Adversary Proceeding No. 19-80119 (in which the Chapter 11 has substituted for Debtor) seeking to avoid those liens. Such liens, even if valid and enforceable, would not preclude approval of the proposed sale. KeyBank is adequately protected by having its interests that are secured by liens, security interests and similar encumbrances, if any, attach to the net proceeds of such sale (*i.e.*, the gross proceeds realized from the sale of the Auction Items after payment of any amounts payable to RM Sotheby's under the Agreement or otherwise (the "**Net Proceeds**")) ultimately attributable to the property against or in which it asserts such claim or interest, with the same validity, priority and effect and to the same extent that existed immediately prior to the consummation of the sale and in all cases subject to any and all rights, claims and defenses that the Chapter 11 Trustee or the bankruptcy estate may have with respect thereto.

20.    The Chapter 11 Trustee believes that selling the Collection and obtaining RM Sotheby's advice and services under the Agreement will best maximize the value of the Collection for the benefit of the estate, its creditors and all other constituencies. After lengthy negotiations, and consultation with legal advisors and parties in interest, the Chapter 11 Trustee believes that a sale of the items in the Collection through the Auction Sale(s) or Post-Auction Private Sales conducted by RM Sotheby's under the terms of the Single Vendor Action Agreement, and that such Auction Sales or Post-Auction Private Sales will best maximize the value of the Collection for the benefit of the estate and all constituencies. Therefore, in her best business judgment, the Chapter 11 Trustee seeks authorization to sell some or all of the Collection and that such items

sold at auction be sold free and clear of any liens, claims, encumbrances and interests and as more fully described above.

## II.    The Agreement Should Be Approved

21.    The Chapter 11 Trustee requires a reputable, experienced and qualified agent to liquidate and advise with respect to all or a portion of the Collection and in a professional manner that will maximize market exposure and the value of the Collection in transactions intended to provide maximum value to the bankruptcy estate.  RM Sotheby's has been selected as sales agent and auctioneer based upon its world-wide reputation and long standing history in the valuation, marketing and auctioning of high-value vehicles such as the pieces contained in the Collection.  RM Sotheby's already has extensive knowledge of the Collection as well.

22.    RM Sotheby's has certified that it is licensed as an auctioneer and is authorized to conduct auctions in the States of Indiana.

23.    The Chapter 11 Trustee seeks Court approval of the Agreement, the terms of which were negotiated by the Chapter 11 Trustee and RM Sotheby's at arms-length and in good faith and reflect the parties' agreement with respect to the substantial efforts that will be required to maximize the value of the Collection.

## III.    RM Sotheby's Should Be Entitled to Retain the Buyer's Premium Received With Respect to the Collection

24.    As part of the services provided by RM Sotheby's under the Agreement, and upon approval by this Court of such Agreement and RM Sotheby's employment, RM Sotheby's will take possession of the Auction Items and provide a sales facility, clerks, support staff, event advertising (including catalogue production and mailing), security and promotion.  All costs associated with such services and the Auction shall be borne by RM Sotheby's.  RM Sotheby's also will insure the Auction Items while they are in its possession, custody and control.  The

Trustee expects that all of RM Sotheby's services will be rendered in a highly professional and effective manner.

25.     Under the Single Vendor Auction Agreement negotiated by the Trustee, RM Sotheby's has agreed to waive any claim to a Seller's Commission, as well as its standard entry fee and marketing fees.  Consequently, the only fees that RM Sotheby's will receive for the Auction will be Buyers' Premium set forth in Section 8.2 of the Single Vendor Auction Agreement, which provides in pertinent part:

> 8.2.     The Consignor acknowledges that in addition to the Hammer Price(s) (the last accepted bid(s) is/are the Hammer Price(s) ("**Hammer Price(s)**")), the winning Bidder(s) is/are required to pay RMS a percentage of the Hammer Price(s) as outlined below, which RMS retains as the Buyers' Premium for the purchase of each Motor Car(s) or Any Other Lot(s):
>
>> 8.2.1.   In the event of a final Hammer Price(s) of US$250,000 and below on all motor car lots, RMS will receive a Buyers' Premium of 12%.
>>
>> 8.2.2    In the event of a final Hammer Price(s) above US$250,000 on all motor car lots, RMS will receive a Buyers' Premium of 12% on the first US$250,000 and will receive a Buyers' Premium of 10% on the Hammer Price(s) above US$250,000.
>>
>> 8.2.3.   Buyers of all non-motor car lots, including but not limited to memorabilia, motorcycles, boats, trailers, jewelry, and clothing, are required to pay RMS a Buyers' Premium of 20% on the Hammer Price(s) of those particular lots.

(the fees described in this section 8.2 are herein referred to as the "**Buyers' Premium**").

26.     After due inquiry, the Chapter 11 Trustee believes that RM Sotheby's fee structure as set forth in the Single Vendor Auction Agreement is fair, reasonable and appropriate, and therefore requests this Court's approval thereof.

## IV.     Post-Auction Report

27.     As part of the services provided by RM Sotheby's in the Single Vendor Auction Agreement, RM Sotheby's has agreed to prepare the auction report required by Bankruptcy Rule 6004(f).  Rule 6004(f) provides in pertinent part:

> Unless it is impracticable, an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot or for the property as a whole if sold in bulk shall be filed on completion of a sale. If the property is sold by an auctioneer, the auctioneer shall file the statement, transmit a copy thereof to the United States trustee, and furnish a copy to the trustee, debtor in possession, or chapter 13 debtor.

Given the nature of the assets in the Collection and other factors, both the Chapter 11 Trustee and RM Sotheby's are both very concerned that public disclosure of the successful bidders at the Auction or a Post-Auction Private sale will chill bidding on the cars, lots and other assets in the Collection and is therefore impracticable.  Accordingly, the Chapter 11 Trustee requests that this Court authorize RM Sotheby's to file that report identifying the winning bidders only by paddle number and not by name.  RM Sotheby's will inform the Chapter 11 Trustee and his counsel, KeyBank and its counsel, the United States Trustee, and the Committee's counsel of the identities of the prevailing bidders.

WHEREFORE, the Chapter 11 Trustee, through his undersigned counsel, moves the Court for an order to: (i) authorize the sale of the Debtor's Collection free and clear of liens, claims, encumbrances and interests and outside the ordinary course of business; (ii) approve the  terms and conditions of the Single Vendor Auction Agreement with RM Sotheby's; and (iii) grant such other relief as the Court may deem just and equitable.

Dated:    December 12, 2019              Respectfully submitted,

                                        **KELLY M. HAGAN, Chapter 11 Trustee**

                                        */s/ Kevin M. Smith*
                                        Kevin M. Smith (P48976)
                                        **BEADLE SMITH, PLC**
                                        445 S. Livernois, Suite 305
                                        Rochester Hills, MI 48307
                                        Telephone: (248) 650-6094
                                        Facsimile:   (248) 650-6095
                                        ksmith@bbssplc.com